# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 3, 2021

Lyle W. Cayce
Clerk

No. 21-40393
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

STEVEN DOUGLAS SCHAD,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:17-CR-225-3

Before SMITH, STEWART, and GRAVES, *Circuit Judges*.

PER CURIAM:*

Steven Douglas Schad, federal prisoner # 25511-479, appeals the denial of his 18 U.S.C. § 3582(c)(1)(A) motion for compassionate release. Schad argues that the district court abused its discretion and erred in denying his motion for compassionate release because the district court considered

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

his medical condition and the threat posed by COVID-19, without also considering the sentencing factors, 18 U.S.C. § 3553(a), before reaching the conclusion that there were no extraordinary and compelling reasons for his release. We review the district court's denial of Schad's § 3582(c)(1)(A) motion for an abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). A district court abuses its discretion if it "bases its decision on an error of law or a clearly erroneous assessment of the evidence." *Id.* (internal quotation marks and citation omitted).

Under § 3582(c)(1)(A), a district court may reduce a prisoner's sentence if, after considering the applicable § 3553(a) factors, the court finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *See United States v. Shkambi*, 993 F.3d 388, 392-93 (5th Cir. 2021). In this case, the district court only addressed the defendant's motion for compassionate release and never mentioned the § 3553(a) factors at any point in the proceedings. Because the district court denied Schad's motion without specifically considering the § 3553(a) factors, it abused its discretion. *See id.* at 393; *Chambliss*, 948 F.3d at 693.

The denial of Schad's § 3582(c)(1)(A) motion is VACATED, and the case is REMANDED for further proceedings consistent with this opinion.